*74 OPINION OF THE COURT
Memorandum.
Judgment unanimously reversed without costs and action dismissed.
Plaintiff instituted this small claims action to recover alleged overcharges to his E-ZPass account. The court, after finding that plaintiff failed to establish a prima facie case, nevertheless, held that the E-ZPass agreement was a consumer transaction which, as written, was deceptive and in violation of General Business Law § 349. The court then awarded plaintiff judgment in the sum of $50 (see General Business Law § 349 [h]).
Section 349 (a) of the General Business Law, which declares unlawful deceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in this state, applies to virtually all economic activity and may be invoked regardless of whether the alleged deceptive activity is covered by other laws (New York v Feldman, 210 F Supp 2d 294 [2002]). However, in order to state a prima facie case under section 349, a plaintiff must allege conduct of the defendant that is consumer oriented (Oswego Laborers’ Local 214 Pension Fund v Marine Midland Bank, 85 NY2d 20 [1995]; see also Teller v Bill Hayes, Ltd., 213 AD2d 141 [1995]).
The Legislature declared that the creation of the Triborough Bridge & Tunnel Authority and the carrying out of its corporate purposes were in all respects for the benefit of the people of the State of New York and that it would be performing an essential governmental function in the exercise of the powers conferred upon it (see Public Authorities Law § 566). As part of its governmental function, the Authority is authorized to set and collect tolls for the use of its facilities (Public Authorities Law § 553 [12]; Carey Transp. v Triborough Bridge & Tunnel Auth., 38 NY2d 545, 551 [1976], cert denied 429 US 830 [1976]; New York City Tunnel Auth. v Consolidated Edison Co. of N.Y., 295 NY 467, 476 [1946]). Inasmuch as the tolls are in essence a use tax (New York City Tunnel Auth. v Consolidated Edison Co. of N.Y., 295 NY at 476), the collection of same is not a consumer oriented transaction and therefore not subject to section 349 of the General Business Law. Accordingly, the judgment should be reversed and the action dismissed. Finally, we note that it was inappropriate for the lower court to go outside the record to raise a nonlitigated issue. It is beyond cavil that where, as here, a plaintiff has failed to make a prima facie case, the action must *75 be dismissed. Although the court below acknowledged that plaintiff failed to sustain this burden, the court nonetheless looked beyond the arguments asserted at trial and, sua sponte, raised the applicability of section 349 of the General Business Law to the facts herein. By reaching an issue not raised by either party, the court below improperly deprived defendant of a full and fair opportunity to be heard.
Pesce, P.J., Patterson and Rios, JJ., concur.